# EXHIBIT B

Electronically Filed by Superior Court of California, County of Orange, 02/07/2022 11:58:00 AM.
30-2021-01238215-CU-PO-NJC - ROA #12 - DAVID H. YAMASAKI, Clerk of the Court By Brenda Sanchez, Deputy Clerk.
Case 2:22-cv-01432 Document 1-2 Filed 03/03/22 Page 2 of 10 Page ID #:19

Elizabeth A. Skane, Esq. (SBN 187752)
Tanya L. Prouty, Esq. (SBN 309650)
SKANE MILLS LLP
600 B Street, Suite 1500
San Diego, CA 92101
T: (619) 702-1635 / F: (619) 702-1645
eskane@skanemills.com / tprouty@skanemills.com

Attorneys for Defendant, WALMART, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

| | |
|---|---|
| MARIA OROZCO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WALMART, INC.; and DOES 1 to 25, inclusive,<br><br>　　　　Defendants. | CASE NO.: 30-2021-01238215-CU-PO-NJC<br><br>**ANSWER TO COMPLAINT**<br><br>Judge: Hon. Fred W. Slaughter<br>Dept.: N-15<br><br>Filed: December 28, 2021 |

**COMES NOW** Defendant, WALMART, INC., and answers the Complaint of Plaintiff MARIA OROZCO, on file herein, as follows:

**GENERAL DENIAL**

1.　　　Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant denies generally and specifically each, every and all of the allegations in Plaintiff' Complaint, and the whole thereof, including each and every purported cause of action, claim and/or assertion contained therein. Defendant further denies that Plaintiff has or will sustain damages in the amount alleged and/or in any amount whatsoever.

///
///

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

2. To the extent the Complaint, and each and every purported cause of action contained therein, fails to set forth facts sufficient to state a cause of action, Plaintiff is barred from any recovery against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Apportionment)**

3. To the extent parties, persons and/or entities, other than this responding Defendant, failed to exercise ordinary care, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of by Plaintiff in this action, the fault, if any, of Defendant, which Defendant denies, should be compared with the fault of the other parties and Plaintiff's damages, if any, should be apportioned among the parties in direct relation to each party's comparative fault. This responding Defendant should be obligated to pay only such damages, if any, which are directly attributable to its percentage of comparative fault. To require Defendant to pay any more than its percentage of comparative fault violates the equal protection and due process clauses of the Constitution of the United States and the Constitution of the State of California.

**THIRD AFFIRMATIVE DEFENSE**

**(Equitable Bar)**

4. Defendant is informed and believes, and thereon alleges, that as between Plaintiff and Defendant, the equities do not preponderate in favor of Plaintiff and, accordingly, Plaintiff is barred from any recovery against Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

5. To the extent Plaintiff failed to exercise ordinary care on her own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action, Plaintiff's recovery

///

1  against Defendant should be barred or reduced according to principles of comparative
2  negligence.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

6. To the extent the Complaint is barred by the applicable statute of limitations including, but not limited to, provisions of California Code of Civil Procedure sections 337.1; 337.15; 338; 339; 339.5; 340; and 343, Plaintiff is not entitled to any recovery against Defendant.

### SIXTH AFFIRMATIVE DEFENSE
### (Intervening Acts)

7. To the extent the injuries and damages of which Plaintiff complains were proximately caused or contributed to by the acts of other parties, persons and/or entities, said acts were an intervening, supervening and superseding cause of the injuries and damages, thus barring Plaintiff from any recovery against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

8. To the extent the doctrine of estoppel applies, Plaintiff is precluded from any recovery against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

9. To the extent the doctrine of laches applies, each and every one of Plaintiff's claims and alleged causes of action against Defendant should be barred.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver)

10. To the extent the doctrine of waiver applies, Plaintiff is precluded from any recovery against Defendant.

///
///

### TENTH AFFIRMATIVE DEFENSE

### (Act of God)

11. To the extent any and all events, happenings, injuries and damages, if any, as alleged in the Complaint, were a direct result of an unforeseeable act of God, Plaintiff is precluded from any recovery against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

12. Defendant is entitled to a set-off as a result of any recovery made by Plaintiff from any other party, person and/or entity in connection with the damages claimed in this lawsuit.

### TWELFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

13. To the extent Plaintiff voluntarily assumed the risks of the activities alleged in the Complaint, under the circumstances and conditions then and there existing, and the resultant damages, if any, sustained by Plaintiff were proximately contributed to and caused by her own voluntary assumption of the risk.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14. To the extent the equitable doctrine of unclean hands applies, Plaintiff is barred from any recovery against Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Untimely Notice)

15. To the extent Plaintiff did not give Defendant notice in a reasonable and/or timely manner of any conditions Plaintiff believed to be improper and/or defective, and further did not give Defendant an opportunity to inspect or remedy same, Plaintiff is not entitled to any recovery against Defendant.

///

///

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Code of Civil Procedure § 1021)

16.     Defendant is entitled to all necessary and reasonable defense costs, including attorney's fees, incurred by Defendant, as more particularly set forth in California Code of Civil Procedure section 1021.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Controversy)

17.     To the extent the Complaint, and each alleged cause of action contained therein, was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the filing of said Complaint against Defendant; Plaintiff is therefore responsible for all necessary and reasonable defense costs, including attorney's fees, incurred by Defendant, as more particularly set forth in California Code of Civil Procedure sections 128.6 and 128.7.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

18.     To the extent Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize damages, Plaintiff is not entitled to any recovery or, in the alternative, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate her damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages through the Affordable Care Act)

19.     This answering Defendant is informed and believes and thereon alleges, that the Plaintiff should not be allowed to recover damages for any harm that she could have avoided by the use of reasonable effort or expenditure after the commission of a tort including her obligation to obtain minimum essential health care coverage pursuant to 26 U.S.C. § 5000A(d) – (e).

///

///

///

### NINETEENTH AFFIRMATIVE DEFENSE

### (Collateral Source Rule Does Not Apply)

20.     This answering Defendant is informed and believes and thereon alleges, that the collateral source rule does not apply because the difference between the billed and negotiated rate for any medical treatment provided to Plaintiff does not reflect an amount paid on the Plaintiff's behalf. As such, if awarding any compensatory damages, the Plaintiff should only be able to recover for amounts paid or that could be owed.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Contribution)

21.     Plaintiff's damages, if any, were proximately caused and/or contributed to by other parties, persons and/or entities for which Defendant is not responsible.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Code of Civil Procedure § 1431.2)

22.     Defendant denies any liability, but to the extent Defendant is found liable at all for the amount of non-economic damages, if any, which Defendant denies, these damages should be limited pursuant to the Fair Responsibility Act of 1986, Civil Code section 1431.2, in direct proportion to Defendant's percentage of negligence or fault, if any, which Defendant denies, and a separate judgment shall be rendered against Defendant for that amount.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Consent)

23.     Plaintiff consented to those acts of which she complains, thereby barring any recovery to Plaintiff as against this responding Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Res Judicata/Retraxit/Collateral Estoppel)

24.     Defendant alleges that to the extent the doctrines of collateral estoppel, res judicata, and/or retraxit apply, Plaintiff is barred from any recovery against this responding Defendant.

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unforseeability)

25. Plaintiff's alleged injuries and damages were not reasonably foreseeable to Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Bar – Act of Others)

26. Defendant alleges, to the extent Plaintiff failed to name necessary and indispensable parties to her Complaint, judgments on the claims presented in the Complaint are barred in their entirety.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (ADDITIONAL DEFENSES)

27. Defendant reserves the right to file additional affirmative defenses and claims depending upon the information revealed during the course of discovery.

**WHEREFORE**, this answering Defendant prays for judgment herein as follows:

1. That Plaintiff take nothing by way of her Complaint on file herein,
2. For costs of suit incurred herein;
3. For those costs, fees, and expenses incurred in the defense of the Complaint;
4. For attorney's fees according to proof; and
5. For such other and further relief as the Court may deem just and proper.

DATED: February 7, 2022         SKANE MILLS LLP

                                By: *[signature]*
                                Elizabeth A. Skane, Esq.
                                Tanya L. Prouty, Esq.
                                Attorneys for Defendant, WALMART, INC.,

Elizabeth A. Skane, Esq. (SBN 187752)
Tanya L. Prouty, Esq. (SBN 309650)
SKANE MILLS LLP
600 B Street, Suite 1500
San Diego, CA  92101
T: (619) 702-1635 / F: (619) 702-1645
eskane@skanemills.com / tprouty@skanemills.com

Attorneys for Defendant, WALMART, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| MARIA OROZCO,<br><br>           Plaintiff ,<br><br>v.<br><br>WALMART, INC.; and DOES 1 to 25, inclusive,<br><br>           Defendants. | CASE NO.: 30-2021-01238215-CU-PO-NJC<br><br>**PROOF OF SERVICE**<br><br>Judge: Hon. Fred W. Slaughter<br>Dept.: N-15<br><br>Filed:  December 28, 2021 |

   I, Andrea Vasquez, declare:

   I am, and was at the time of service of the papers herein referred to, over the age of 18 years old and not a party to the action.  I am employed in the County of San Diego, California, in which county the within-mentioned service occurred.  My e-mail address is avasquez@skanemills.com and my mailing address is 600 B Street, Suite 1500, San Diego, California 92101.

   On February 7, 2022, I served a true and correct copy of the following document(s):

**ANSWER TO COMPLAINT**

on the parties in this action addressed as follows:

# SERVICE LIST

| | |
|---|---|
| Hekmat Kordab, Esq.<br>Yadira De La Rosa, Esq.<br>Kordab Law Offices<br>300 S Harbor Blvd., Ste. 820<br>Anaheim, CA 92805-3720<br>Phone: 714-881-0581 \| Fax: 714-881-0582<br>Email: matt@kordablaw.com<br>yadira@kordablaw.com<br>rita@kordablaw.com | Attorneys for Plaintiff,<br>Maria Orozco |

 **X**    **BY ELECTRONIC TRANSMISSION:** Pursuant to Judicial Council Emergency Rule 12, and notwithstanding CCP § 1010.6 or any other law, I caused the above-described document(s) to be served on the persons at the e-mail address(es) as follows: matt@kordablaw.com; yadira@kordablaw.com; rita@kordablaw.com

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on February 7, 2022, at San Diego, California.

_____
Andrea Vasquez